Bank v. Ridgway.

3L 623
5L 704
1pi 332

LINCOLN SAVINGS BANK v. W. J. RIDGWAY et als.

1. EQUITY OF REDEMPTION. *Rights of purchasers. Creditors.* A purchaser of an equity of redemption takes just such interest as the debtor had, to-wit, the right to redeem the land from the original purchaser, or any subsequent redeeming creditor, for two years from date of sale, and until it is exercised any judgment creditor has the right to redeem from the last redeeming creditor.

2. SAME. *Proceedings to sell the equity of redemption. Effect of.* During the pendency of a suit by a creditor to force a sale of the debtor's right of redemption, any other creditor may redeem, and is not thereby postponed.

FROM GILES.

Appeal from the Chancery Court at Pulaski. W. S. FLEMING, Ch.

T. M. JONES and ROSE & TINNON for complainant.

N. SMITHSON for defendants.

TURNEY, J., delivered the opinion of the court.

The Giles National Bank, on the 26th of July, 1875, recovered a judgment against M. E. Eddins, J. J. J. Eddins, and W. G. Lewis, for $141.35. An execution was levied on a tract of land, the property of M. E. Eddins. The levy being too late to advertize and sell, an order of sale issued January 14, 1876. On March 11, 1876, a sale was had; W. G. Lewis became the purchaser at the bid of $1,470.55,

and being a judgment creditor of M. E. Eddins, advanced his bid by $58.95. On November 4, 1875, Lincoln Savings Bank obtained judgment against M. E. Eddins for $5,620.87, and on the 1st day of June, 1876, redeemed from Lewis and advanced the bid upon the land by the amount of its judgment, making in all $7,503.22. On the 24th of March, 1876, W. J. Ridgeway and A. G. Ezell, being judgment creditors of Eddins, filed their bill attaching the equity of redemption of Eddins, and asking its sale for the benefit of their debt. The sale was ordered, and was had on the 5th of May, 1877. W. J. Ridgway became the purchaser at $60. On the 21st of August, 1877, Lincoln Saving Bank filed its bill, one of the objects being to prevent a confirmation of the sale of the equity of redemption to Ridgway, to remove cloud from its title, etc. There was demurrer, which was overruled, and the cause appealed to this court.

By his purchase Ridgway took just such interest as Eddins had at the time of the attachment—nothing more, nothing less. At that time Eddins had the right to redeem the land from the original purchaser, or a subsequent redeeming creditor. This right continued for two years from the sale. Until it was exercised, any judgment creditor had the clear legal right to redeem from him who had last redeemed. If Eddins had failed to redeem, then at the end of two years the last redeeming creditor would take the title in fee, and the right of redemption by Eddins would be forever gone.

The purchaser of this right, standing in Eddins's

shoes, must have pursued the course the law required of Eddins, and having purchased the equity or right of redemption, but not having exercised it by actual redemption, he has acquired no superior right to other creditors in a race of diligence to secure debts—no preference can be shown him.

The pendency of suit by one creditor to force a sale of the debtor's right of redemption, in no way impugns the rights of other creditors to redeem, nor in any manner postpones them. The purchaser in this case has no right to a confirmation of his purchase to the prejudice of complainant.

This view of the case precludes the necessity of deciding the propriety or regularity of the proceeding to sell the debtor's right of redemption, or of the jurisdiction of the court to make the sale. We intimate no opinion upon these questions.

Affirm the decree.